UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKE WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:22-cv-02236 (UNA) |
| | ) |
| DEPARTMENT OF THE ARMY, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court will grant petitioner's IFP application and dismiss the case for the reasons stated herein.

Plaintiff, a resident of Arlington, Virginia, sues the Department of the Army, the Defense Intelligence Agency, the Merit Systems Protection Board, and Axiom Corporation of Atlanta. The prolix complaint, totaling 90-pages, is difficult to follow. Plaintiff seemingly attempts to raise a variety of allegations, though how they connect to one another, or what connection they bear to the named defendants, is unclear. Plaintiff seemingly intends to bring suit for mandamus, a declaratory judgment, and compensatory and punitive damages, and he alleges intentional infliction of emotional distress, violations of the FOIA and Privacy Act, 42 U.S.C. §§ 1983, 1985, 1988, the Racketeer Influenced and Corrupt Organizations Act, the Virginia Code, the Federal Criminal Code, "the Citizenship Clause and Due Process Clause," the Establishment Clause, the Hatch Act, and he alleges other widespread conspiracies between the defendants and others. The complaint also consists of numerous vague and mostly unintelligible discussions, regarding a range of unrelated topics, including, but not limited to: COVID-19, quotes from the bible, biological

warfare planning, economic market analysis, "army values," and state and federal elections. Plaintiff also seemingly intends to bring this action as a whistleblower.

First, in federal courts such as this, a plaintiff "may plead and conduct their own cases personally or by counsel[.]" 28 U.S.C. § 1654.  A "*pro se* plaintiff may not file a *qui tam* action." *Jones v. Jindal*, 409 Fed. App'x. 356 (D.C. Cir. 2011) (per curiam); *see also Gunn v. Credit Suisse Grp. AG*, 610 Fed. App'x 155, 157 (3d Cir. 2015) (noting that "every circuit that has [addressed the issue] is in agreement that a *pro se* litigant may not pursue a *qui tam* action on behalf of the Government.") (citing cases)); *U.S. ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 Fed. App'x 731, 732 (7th Cir. 2006) ("[A] *qui tam* relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself.  He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants.").  Indeed, it is well established that "*pro se* parties may not pursue [*qui tam*] actions on behalf of the United States." *Walker v. Nationstar Mortg. LLC*, 142 F. Supp. 3d 63, 65 (D.D.C. 2015) (quoting *U.S. ex rel. Fisher v. Network Software Assocs.*, 377 F. Supp. 2d 195, 196–97 (D.D.C. 2005)); *see Canen v. Wells Fargo Bank, N.A.*, 118 F. Supp. 3d 164, 170 (D.D.C. 2015) (noting that "courts in this jurisdiction consistently have held that *pro se* plaintiffs . . . are not adequately able to represent the interests of the United States") (citing cases).

Second, the complaint is mostly incomprehensible.  Rule 8(a) of the Federal Rules of Civil Procedure requires a petition to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an

adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The complaint falls within this category. As presented, neither the Court nor defendants can reasonably be expected to identify plaintiff's claims, and the complaint also fails to set forth allegations with respect to this Court's jurisdiction over his entitlement to relief, if any.

For all of these reasons, the case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

DATE: October 7, 2022                        _____ s/s_____
                                                            COLLEEN KOLLAR-KOTELLY
                                                            United States District Judge